## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————

| | |
|---|---|
| **JOSHUA A. BURBANK,** ) | |
| ) | **CIVIL ACTION** |
| **Plaintiff,** ) | |
| ) | **NO. 4:15-CV-40114-TSH** |
| **v.** ) | |
| ) | |
| **TOWN OF HUBBARDSTON; DENNIS P.** ) | |
| **PERRON, INDIVIDUALLY AND IN HIS** ) | |
| **OFFICIAL CAPACITY AS POLICE** ) | |
| **CHIEF; JAMES HALKOLA,** ) | |
| **INDIVIDUALLY AND IN HIS OFFICIAL** ) | |
| **CAPACITY AS POLICE OFFICER;** ) | |
| **KEVIN MAILMAN, INDIVIDUALLY** ) | |
| **AND IN HIS OFFICIAL CAPACITY AS** ) | |
| **POLICE OFFICER; AND RONALD C.** ) | |
| **LEVESQUE, D/B/A/ RIETTA FLEA** ) | |
| **MARKET,** ) | |
| ) | |
| **Defendants.** ) | |

——————————————————————— )

## MEMORANDUM AND ORDER ON DEFENDANT RONALD C. LEVESQUE, D/B/A RIETTA FLEA MARKET'S MOTION TO DISMISS (Docket No. 8)

### November 19, 2015

**HILLMAN, D.J.**

Defendant Ronald C. Levesque, d/b/a Rietta Flea Market, moves to dismiss all counts against him in this lawsuit brought by a disgruntled former merchant of the Rietta Flea Market. For the reasons set forth below, Defendant's motion to dismiss (Docket No. 8) is ***granted***.

### Background

The following facts are derived from Plaintiff's complaint and assumed true for the purposes of this motion. On June 23, 2013, Plaintiff, Joshua Burbank, went to Rietta Flea Market (RFM) in Hubbardston and occupied two tables for the purpose of displaying and selling knives,

1

tools, and novelty items.  He paid a fee for the table rentals but did not sign any agreement governing the use of the tables.  Officer James Halkola, a Hubbardston police officer, was working a paid detail at the flea market.  He approached Plaintiff and told him that the Hubbardston Police and RFM had a policy regarding the sale of knives.  Officer Halkola told Plaintiff that certain items in his display could not be sold and that he needed to remove the items from his table and take them to his vehicle.  Plaintiff did not remove the items.  Instead, he covered the offending display case with another case, removing it from view.  Officer Halkola returned to Plaintiff's tables a few minutes later, removed the top display case, and asked Plaintiff why he had not followed his directive.  Plaintiff responded by citing Mass. Gen. Laws ch. 269, § 12, which prohibits the sale of certain types of knives.  Despite this statutory reference, Officer Halkola seized approximately sixty-five of Plaintiff's items.  A second Hubbardston police officer, Kevin Mailman, helped with the seizure.

About a month later, Plaintiff was charged under Mass. Gen. Laws ch. 269, § 12 for sale or manufacture of a dangerous weapon.  After numerous court appearances, a jury acquitted the Plaintiff in March of 2014.  Plaintiff requested the return of the seized items, but his request was denied.

Plaintiff is the sole operator of his sales business, and the numerous court appearances leading up to the jury trial took him away from earning his livelihood.  He had to appear in court additional times because the police officers did not always show up as scheduled.  He also incurred legal expenses, including the cost of an expert witness.  He also asserts that his reputation has been damaged on account of the prosecution, and he suffered mental anguish knowing that he was facing up to six months incarceration if convicted.  Ultimately, because he felt that Massachusetts had become a "hostile environment," he relocated his business to Las Vegas, Nevada.

2

Plaintiff brought suit on August 7, 2015, alleging numerous counts, including the following against Levesque (and thus relevant to this motion to dismiss): (1) conspiracy to violate civil rights (count III); (2) breach of contract (count X); (3) conversion (count XI); (4) tortious interference with economic advantage (count XII); (5) violation of the implied covenant of good faith and fair dealing (count XIII); and (6) violation of Mass. Gen. Laws ch. 93A (count XIV).  Levesque has moved to dismiss all counts against him.

## Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556

In evaluating a motion to dismiss, the court must accept all factual allegations in the

complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000).  In addition to the complaint, the court may consider "documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint." *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) (quoting *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993)). "This is true even when the documents are incorporated into the movant's pleadings." *Id.*; *see Beddall v. State Street Bank and Trust Co.,* 137 F.3d 12, 17 (1st Cir. 1998) ("When . . . a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document [offered by the movant] (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it . . . .").

## Discussion

1. *Count III: Conspiracy to Violate Civil Rights*

Plaintiff alleges that Officer Halkola, Officer Mailman, Chief Dennis Perron, and Levesque conspired to deprive Plaintiff of his rights under the Fourth and Fourteenth Amendments by unreasonably searching Plaintiff and seizing his knives.  Section 1985(3) of title 42 of the United States Code provides a cause of action when two or more persons conspire to deprive a person of "the equal protection of the laws, or of equal privileges and immunities under the laws."

> To state a claim under § 1985(3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege.

*Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)).  A plaintiff may recover under this section "only when the conspiratorial conduct of which

he complains is propelled by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* (quoting *Griffin,* 403 U.S. at 102).  Regarding this last requirement, the plaintiff "must allege facts showing that (1) the defendants conspired against [him] because of [his] membership in a class, and (2) the criteria defining the class are invidious." *Id.* at 4.

Plaintiff has not alleged any facts to show a conspiracy between Levesque and the police officers who seized his property, other than reciting that he was conspired against.  Furthermore, he has not alleged that he is a member of any defined class, let alone one defined by invidious criteria.  Accordingly, Count III is dismissed as to Levesque.

    *2.   Count X: Breach of Contract*

Plaintiff asserts that he formed a contract with Levesque when he rented his tables at RFM, and Levesque breached that contract, through his "agent," Officer Halkola, by denying Plaintiff his right to sell his merchandise.  While there are no written contracts for table rentles, the RFM's "vendor information brochure" provides information to interested vendors.  This brochure states, among other things, that "Illegal items are prohibited."  Plaintiff asserts that, because he was acquitted of selling illegal knives, it was a breach of his contract with RFM to prohibit him from selling those knives.

Again, Plaintiff has not alleged any specific facts as to the terms of this alleged contract. He also has not alleged any facts to sustain an agency relationship between Levesque and Officer Halkola.  In this regard Plaintiff relies on a statement in Officer Halkola's narrative report, in which Halkola states that he "explained [to Plaintiff] the standing policy of the Hubbardston Police and the Flea Market on the sale of knives."  This statement is not sufficient to support a plausible claim that Officer Halkola was acting as Levesque's agent when he seized the knives.  Count X is dismissed.

### 3.  *Count XI: Conversion*

The tort of conversion consists of wrongfully exercising dominion or control over the personal property of another. *In re Brauer*, 890 N.E.2d 847, 857 (Mass. 2008).  Plaintiff alleges that Levesque, through the actions of Officer Halkola, converted Plaintiff's knives.  Once again, Plaintiff has pled no facts to suggest an agency relationship between Levesque and Officer Halkola.  Count XI is dismissed as well.

### 4.  *Count XII: Tortious Interference with Economic Advantage*

Plaintiff alleges that all Defendants, individually and collectively, committed "tortious interference with economic advantage" by preventing him from selling his knives.  I interpret this as a claim for tortious interference with his advantageous business relations.  This claim requires Plaintiff to prove "that (1) he had a business relationship for economic benefit with a third party, (2) the defendants knew of the relationship, (3) the defendants interfered with the relationship through improper motive or means, and (4) the plaintiff's loss of advantage resulted directly from the defendants' conduct." *Cavicchi v. Koski*, 855 N.E.2d 1137, 1141 (Mass. App. Ct. 2006) (quoting *Kurker v. Hill,* 689 N.E.2d 833, 838 (Mass. App. Ct. 1998)).

To the extent that Plaintiff had a protectable business relationship with his future customers at RFM, Plaintiff has failed to plead any facts to show that Levesque interfered with this relationship through improper motive or means.  Count XII is dismissed as to Levesque.

### 5.  *Count XIII: Implied Covenant of Good Faith and Fair Dealing*

Plaintiff alleges that Defendant breached the covenant of good faith and fair dealing by interfering with his business relations and breaching the alleged vendor-table contract.  Plaintiff has pled facts to suggest that he paid a sum of money to rent two tables for the day, and that he was prohibited from selling illegal items.  To the extent that this was an enforceable contract, he

has pled no facts to suggest that Levesque acted in bad faith. Count XIII is dismissed.

6. *Count XIV: Chapter 93A*

Finally, Plaintiff alleges that Levesque's actions in causing his knives to be seized amounted to unfair or deceptive business practices. This claim fails because Plaintiff has not pled sufficient facts to show that Levesque was involved in the seizure or engaged in any wrongful or deceptive conduct. Count XIV is dismissed as well.

## Conclusion

For the reasons set forth above, Defendant's motion to dismiss (Docket No. 8) is ***granted***. Counts X, XI, XIII, and XIV are dismissed entirely, and Counts III and XII are dismissed as to Levesque.


**SO ORDERED.**


/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**